SUMMONS ISSUED

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ JAN 0 5 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

LESLIE CAPIK,

                Plaintiff,

        v.

ELTMAN, ELTMAN & COOPER, P.C.,
MERRIMAN INVESTMENTS, L.L.C., and
MEL S. HARRIS & ASSOCIATES, L.L.C.,
                Defendants.

**COMPLAINT**

**JURY TRIAL DEMANDED**



12 - 0046

WEINSTEIN, J.

**INTRODUCTION**

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA").

GO, M.J.

2. Specifically, this action relates to Defendants' illegal and abusive attempts to collect an alleged debt.

**JURISDICTION AND VENUE**

3. Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. § 1331.

4. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

5. Venue in this District is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district.

**PARTIES**

6. Plaintiff, Leslie Capik, is a natural person who resides in Columbia City, Oregon.

- 1 -

7.      Mrs. Capik is a consumer as defined by 15 U.S.C. § 1692a(3).

8.      Defendant Eltman, Eltman & Cooper, P.C. (hereinafter "EEC") is a law firm engaged in the collection of debts in New York State, registered as a domestic professional corporation with the New York State Secretary of State with its principal place of business at 140 Broadway, 26th Floor, New York, NY 10005.

9.      Defendant EEC's principal purpose is the collection of debts, and it regularly attempts to collect debts alleged to be due another.

10.      According to its website, EEC "is the leading judgment enforcement law firm in the country. EEC has pioneered the location of enforceable assets on dormant judgment portfolios allowing clients to maximize returns on assets once thought of as uncollectible." *See* https://www.eltmanlaw.com/.

11.      In sum, EEC is a debt collector as defined by 15 U.S.C. § 1692a(6).

12.      Merriman Investments, L.L.C. (hereinafter "Merriman") is a Delaware limited liability corporation engaged in the collection of debts in the State of New York, registered as a foreign business with the New York Secretary of State with its principal place of business at 140 Broadway, 26th Floor, New York, NY 10005.

13.      Defendant Merriman Investments' principal purpose is the collection of debts, and it regularly attempts to collect debt alleged to be due another.

14.      Merriman Investments is a debt collector as defined by 15 U.S.C. § 1692a(6).

15.      Defendant Mel S. Harris & Associates, L.L.C. (hereinafter "MSH") is a law firm engaged in the collection of debts in New York State, registered as a domestic limited liability corporation with the New York State Secretary of State with its principal place of business at 5 Hanover Square, 8th Floor, New York, NY 10004.

- 2 -

16.     MSH's principal purpose is the collection of debts, and it regularly attempts to collect debts alleged to be due another.

17.     MSH is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

18.     In early 2011, EEC began calling Mrs. Capik regarding a judgment entered on October 2, 2002 in the matter of <u>NCO Portfolio Management Assignee of: MBNA v. Leslie McClaren A/K/A Leslie Capik</u>, Index No. SMC 2123-02, Suffolk County District Court, Fourth District Hauppauge Part (hereinafter "the State Court Action").

19.     The State Court Action was filed by Defendant MSH who represented NCO Portfolio Management in that action.

20.     At the time the State Court Action was filed, Mrs. Capik lived in Athol, Massachusetts. As such, service by "nail & mail" in Cutchogue, New York was invalid, and the Suffolk County District Court never obtained personal jurisdiction over Mrs. Capik in the State Court Action.

21.     In an application for default judgment dated October 2, 2002, Mel S. Harris, Esq., under penalty of perjury, attested to service on Mrs. Capik in Suffolk County New York, but also indicated in the caption of the case, that Mrs. Capik had an address at a PO Box in Athol, MA.

22.     Mrs. Capik only learned of the existence of the State Court Action, and the judgment obtained against her in New York, when EEC began telephoning her in 2011.

23.     EEC was attempting to enforce the judgment on behalf of Merriman, the alleged judgment-assignee.

24.     During these telephone calls, EEC falsely threatened to garnish Mrs. Capik's wages despite the fact that the judgment in the State Court Action has never been domesticated in

- 3 -

Oregon.

25. Moreover, EEC falsely threatened to enforce the judgment through garnishment despite the fact that EEC and Merriman had failed to file an assignment of judgment as required under New York C.P.L.R. § 5019(c).

26. Frightened by the threatening telephone call and seeking only to forestall what she believed were imminent steps being taken by EEC to garnish her wages, Mrs. Capik authorized one payment to EEC in early 2011 of roughly $450.

27. On or about April 14, 2011, Mrs. Capik sent a letter to EEC stating in relevant part that, "[p]ayment was made to stop garnishment only and not an admission of anything owed until verification of debit is received and reviewed. The items requested are but not limited to, judgment, proof of service, [and] previous letters of correspondence."

28. Instead of responding to Mrs. Capik's lawful request for verification of the debt or copy of the judgment, pursuant to 15 U.S.C. § 1692g, EEC processed a second, wholly unauthorized payment from Mrs. Capik without her consent or approval of roughly $675.

## Policies and Practices

29. It is MSH's practice not to require that complaints be personally served on the consumer-defendants in its collection cases.

30. It is MSH's practice to cause consumers to be served at addresses at which MSH knows or should know the consumer does not reside, with the knowledge that the vast majority of claims filed will result in default judgments.

31. It is MSH's practice to apply for default judgments and continue to enforce those judgments when it knew or should have known that the judgment is based on bad service.

- 4 -

32.     It is EEC's practice to continue attempts to enforce default judgments after it becomes aware that the consumer was never served.

33.     It is EEC and Merriman's practice to threaten and/or attempt to enforce assigned judgments against consumers without first filing an assignment of judgment as required under CPLR § 5019(c).

34.     It is EEC and Merriman's practice to threaten and or attempt garnishment on consumers living outside of the state of New York on the basis of undomesticated New York judgments.

## CAUSE OF ACTION

**Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.***

35.     Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs.

36.     By undertaking the above referenced collection activities, Defendants violated 15 U.S.C. § 1692 *et seq.*

37.     Specifically and without limitation, Defendants EEC and Merriman violated the FDCPA by:

   a.     Threatening and/or attempting to enforce an assigned judgment from a New York State Court, without first filing an assignment of judgment pursuant to NY C.P.L.R. § 5019(c) and providing the judgment debtor with the required notice of assignment, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692(e)(10), 1692f, and 1692f(1);

   b.     Threatening and/or attempting to garnish Mrs. Capik's wages in Oregon without first having domesticated the judgment obtained by NCO in the State Court Action, in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10),

- 5 -

1692f; and 1692f(1);

c.    Taking an unauthorized payment in the amount of roughly $675 despite the alleged debt having explicitly been disputed by the consumer-plaintiff; in violation of 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f, 1692f(1), and 1692f(6);

d.    Failing to respond to Plaintiff's dispute letter of April 14, 2011 and instead taking an unauthorized payment from Plaintiff's checking account, in violation of 15 U.S.C. §§ 1692g and 1692g(b); and

e.    Taking steps to enforce a default judgment when Defendants knew or should have known that the judgment was invalid because it was based on defective service and false and deceptive statements, in violation of 15 U.S.C. §§ 1692e, 1692e(3) 1692e(5), 1692e(10), and 1692f.

38.    Specifically and without limitation, Defendant MSH violated the FDCPA by:

a.    Filing a false and deceptive summons and complaint listing an address other than Ms. Capik's current residence and claiming that inaccurate residential address as the basis for venue, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692(f);

b.    Directing a process server to serve the summons and complaint in the State action at an address that Defendant MSH knew or should have known was not Ms. Capik's current residence, in violation of 15 U.S.C. §§ 1692e, 1692e(10), and 1692f;

c.    Filing a false and deceptive application for default judgment based on service of the summons and complaint at an address other than a consumer defendant's

- 6 -

current residence, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f;

d. Taking steps to enforce default judgment that defendant knew or should have known were based on bad service, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f; and

e. Filing a Complaint and application for default judgment that were deceptive and misleading in that they were signed by an attorney but were not in fact meaningfully reviewed by an attorney, in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(5), 1692e(10), and 1692f.

39. As a result of Defendants' misconduct, Mrs. Capik suffered actual damages, including:

a. the amount of the second, wholly unauthorized deduction made from Mrs. Capik's checking account by EEC in April 2011, roughly $675;

b. bank processing fees levied on Mrs. Capik's checking account by Bank of America due to EEC's unlawful deduction, mailing expenses; and

c. aggravation, loss of sleep, loss of appetite, anxiety, nervousness, emotional distress, fear, worry and loss of happiness, loss of concentration, irritability, embarrassment, humiliation, intimidation, loss of the tranquility, indignation, pain and suffering.

40. As a result of these violations, Ms. Capik is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

**WHEREFORE,** plaintiff respectfully requests that this Court award:

(a) Declaratory Judgment that Defendant's conduct violated the FDCPA;

- 7 -

(b)     Actual damages;

(c)     Statutory damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

(e)     Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury as to all issues so triable.

Dated:        January 4, 2012
              New York, New York

Respectfully Submitted,

Peter T. Lane, Esq. (PL2009)
Schlanger & Schlanger, L.L.P.
*Attorney for Plaintiffs*
1025 Westchester Ave., Suite 108
White Plains, New York 10604
Telephone:  914-946-1981, ext. 109
Facsimile:  914-946-2930
Email:  peter@schlangerlegal.com